# Lovelace *v*. State.

(In Banc.   June 9, 1941.)

[2 So. (2d) 796.   No. 34533.]

Neill, Clark & Townsend, of Indianola, for appellant.

**Geo. H. Ethridge,** Assistant Attorney-General, for appellee.

64

**Anderson, J.**, delivered the opinion of the court.

The defendant was convicted under Laws 1932, chapter 299, which provides that, ''If any person, with intent to defraud, shall make, issue and deliver to another person, for value, any check . . . on any bank . . . and thereby obtain from such person any . . . goods . . . of value, and have . . . insufficient funds on deposit to his credit in bank . . . with which such check . . . may be paid . . .,'' he shall be guilty of, and punished for, a misdemeanor. The first count of the indictment was drawn under this provision. A second count was drawn under the latter part of the act, which punishes any such person who ''shall with intent to defraud withdraw . . . the money or any part thereof . . . without leaving with such bank . . . a sufficient sum to cover such check . . . and same shall not be paid by such bank . . . on presentation . . .''

Defendant was the owner of two gasoline filling stations, of one of which E. L. Kastorff was the manager. On August 3, 1938, Kastorff caused to be issued a check to T. E. Micham, drawn on a local bank, in the sum of $65.61 in payment for a quantity of gasoline then and there delivered. This check was signed, "Texas Service Station, By E. L. Kastorff," and upon presentation by payee to the bank payment was refused because there was not sufficient balance to the credit of such account.

A serious question is raised by the disclosure that prosecution was begun more than two years after the commission of the offense alleged. An examination of this question would involve a construction of Code 1930, section 1194, which fixes a limitation of two years in which prosecutions may be instituted. Included in the exceptions as to which the limitation is inapplicable is, "obtaining money or property under false pretenses." Whether the prosecution here falls under the bar or under the exception we will not decide, because we have reached the conclusion that the proof is insufficient to sustain a conviction of the defendant.

There is no agency, properly so called, in crime. Aside from those cases where there is actual connivance, conspiring or abetting, or where the business conducted by the principal through the agent is itself unlawful, there is no principle by which criminal responsibility may be imputed to a master for the acts of the servant. The civil doctrine of respondeat superior was not conceived, nor is it to be applied, to include responsibility of the master to the state for the independent acts of the servant. 22 C. J. S., Criminal Law, Sec. 84, p. 149; 14 Am. Jur. 812.

The evidence does not disclose that the defendant knew of the issuance of the check. On the contrary, it negatives not only his presence but his participation in its execution. The statute denounces the delivery of such a check, or withdrawal of funds, "with intent to defraud." Where there is no knowledge of the act there can be no intent as to its effect. We do not mean to hold that one may

not incur criminal responsibility by directing certain acts to be done. In the case before us we are clearly of the opinion that the state has drawn its indictment without sufficient proof to meet its allegations.

Reversed, and appellant discharged.